**FILED**

Dec 18, 2023

Disciplinary
Board

Docket # 024

## DISCIPLINARY BOARD
## WASHINGTON STATE BAR ASSOCIATION

In re                                                    Proceeding No. 23#00035

    COLLEEN A. HARTL,                       NOTICE OF SUSPENSION

    Lawyer

WSBA No.  18051

      PLEASE TAKE NOTICE that by decision of the Washington Supreme Court entered the 6th day of December, 2023, lawyer Colleen A. Hartl, who practices in the City of North Bend, WA, was suspended from the practice of law in the State of Washington for a period of two (2) years, effective December 13, 2023.  For more information, you may access the WSBA website, www.wsba.org or contact Jennifer Olegario, Communications Manager, at jennifero@wsba.org or (206) 727-8212.

      DATED this 13th day of December, 2023.


      WASHINGTON STATE BAR ASSOCIATION


      Terra Nevitt
      Executive Director

Notice of Suspension
Page 1 of 1

WASHINGTON STATE BAR ASSOCIATION
1325 Fourth Avenue – Suite 600
Seattle, WA 98101-2539
(206) 727-8207

I certify that I caused a copy of the <u>Notice of Suspension</u> to be emailed to the Office of Disciplinary Counsel and to Respondent  Colleen A. Hartl, at <u>colleen.ann.hartl@gmail.com</u>, on the 18th  day of December, 2023.


_____
Clerk to the Disciplinary Board



**FILED**

Dec 6, 2023

Disciplinary
Board

Docket # 022

**FILED**
**SUPREME COURT**
**STATE OF WASHINGTON**
**DECEMBER 6, 2023**
**BY ERIN L. LENNON**
**CLERK**

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| IN RE: | ) | Supreme Court No. |
| | ) | 202156-5 |
| COLLEEN A. HARTL, | ) | |
| | ) | ORDER IMPOSING |
| WSBA No. 18051 | ) | TWO-YEAR SUSPENSION |
| ———————————————— | ) | |

This matter came before the Court to consider the Washington State Bar Association Disciplinary Board's Order Approving Stipulation. The Court reviewed the order and the stipulation, and determined by majority that an order imposing a two-year suspension should be entered.

IT IS ORDERED:

Colleen A. Hartl is suspended from the practice of law for two years. Pursuant to ELC 13.2, the effective date of suspension is seven days from the date of this order. Reinstatement to the practice of law is subject to the conditions specified in the stipulation. The lawyer shall be subject to two years of probation beginning on the date of reinstatement and shall comply with all of the terms of probation as specified in the stipulation.

DATED at Olympia, Washington this 6th day of December, 2023.

For the Court

*González C.J.*

CHIEF JUSTICE

FILED

Nov 14, 2023

Disciplinary
Board

Docket # 018

DISCIPLINARY BOARD
WASHINGTON STATE BAR ASSOCIATION

In re

**COLLEEN A. HARTL,**

Lawyer (WSBA No.18051)

Proceeding No. 23#00035

ORDER APPROVING STIPULATION TO
TWO-YEAR SUSPENSION

This matter came before the Disciplinary Board for approval of a stipulation to two-year suspension.  On review of the October 5, 2023, Stipulation to Two-Year Suspension,

IT IS ORDERED that the Stipulation is approved.[1]

Dated this _14_ day of November, 2023.

_____
Christopher M. Sanders, WSBA #47518
Disciplinary Board Chair

---

[1]The vote on this matter was 10-1.  Those voting to approve were: Sanders, Severson, Jones, Ashby, Overby, Cohon, Tindell, Zeidel, Hayes, and Endter.  Devenport voted to reject.  Atreya, Brangwin, and Ildbaatar did not participate.

Order Approving Stipulation
Page 1 of 1

WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

I certify that I caused a copy of the <u>Order Approving Stipulation to Two-Year Suspension</u> to be emailed to the Office of Disciplinary Counsel and to Respondent  Colleen A. Hartl, at <u>colleen.ann.hartl@gmail.com</u>, on the 14th day of November, 2023.

_____
Clerk to the Disciplinary Board

FILED

Nov 14, 2023

Disciplinary
Board

Docket #  019

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**DISCIPLINARY BOARD**
**WASHINGTON STATE BAR ASSOCIATION**

In re

**COLLEEN A. HARTL,**

Lawyer (Bar No. 18051).

Proceeding No. 23#00035

ODC File No. 22-00845

**STIPULATION TO TWO-YEAR**
**SUSPENSION**

Under Rule 9.1 of the Washington Supreme Court's Rules for Enforcement of Lawyer Conduct (ELC), the following Stipulation to Two-Year Suspension is entered into by the Office of Disciplinary Counsel (ODC) of the Washington State Bar Association (Association) through disciplinary counsel Henry Cruz and Respondent lawyer Colleen A. Hartl.

Respondent understands that Respondent is entitled under the ELC to a hearing, to present exhibits and witnesses on Respondent's behalf, and to have a hearing officer determine the facts, misconduct and sanction in this case. Respondent further understands that Respondent is entitled under the ELC to appeal the outcome of a hearing to the Disciplinary Board, and, in certain cases, the Supreme Court. Respondent further understands that a hearing and appeal could result in an outcome more favorable or less favorable to Respondent. Respondent chooses to resolve this proceeding now by entering into the following stipulation to facts, misconduct, and sanction to

Stipulation to Discipline
Page 1

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1  avoid the risk, time, and expense attendant to further proceedings.

## I. ADMISSION TO PRACTICE

3  1.  Respondent was admitted to practice law in the State of Washington on October 31,

4  1988.

5  2.  As of August 2, 2023, Respondent is suspended from the practice of law for 21

6  months.

## II. STIPULATED FACTS

8  3.  Respondent represented Chance Roland in a dissolution matter with children.

9  4.  During Respondent's representation of Roland, Respondent was employed at the law

10  firm Goldberg & Jones, PLLC.

11  5.  On August 12, 2021, Respondent filed Roland's petition for dissolution and proposed

12  parenting plan (Roland v. Tedder, King County Superior Court Case No. 21-3-04089-6).

13  6.  On February 25, 2022, Respondent was served with Interrogatories and Requests for

14  Production of Documents (discovery requests) by opposing counsel.

15  7.  A response to the discovery requests was due by March 25, 2022.

16  8.  Respondent did not provide a response to the discovery requests by the March 25,

17  2022 deadline.

18  9.  Respondent did not inform Roland of the interrogatories until April 13, 2022.

19  10. Respondent did inform Roland of the discovery response deadline.

20  11. On April 5, 2022, Respondent told opposing counsel that Respondent would have the

21  discovery responses by April 18, 2022.

22  12. Respondent did not provide the discovery responses by April 18, 2022.

23  13. On April 18, 2022, Respondent received an email from opposing counsel asking about

24  Stipulation to Discipline
Page 2

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

1 | the status of the discovery responses.

2 | 14. On April 18, 2022, Respondent told opposing counsel in an email that Respondent

3 | was waiting on answers from Roland.

4 | 15. About two hours after sending the email to opposing counsel referenced in paragraph

5 | 13, Respondent told Roland that Respondent would send Roland a draft of responses with

6 | objections.

7 | 16. On April 19, 2022, Respondent received an email from opposing counsel asking about

8 | the status of the discovery responses.

9 | 17. On April 19, 2022, Respondent told opposing counsel in an email that Respondent

10 | would provide an update by the next day.

11 | 18. Respondent did not provide opposing counsel with an update.

12 | 19. About one hour after sending the email to opposing counsel referenced in paragraph

13 | 17, Respondent asked Roland to respond to some of the interrogatories and told Roland that

14 | Respondent would object to the remainder and answer one of them.

15 | 20. On April 21, 2022, Respondent received an email from opposing counsel asking about

16 | the status of the discovery responses and stating that opposing counsel would file a motion to

17 | compel if Respondent did not provide the discovery responses by the next day.

18 | 21. Respondent did not reply to opposing counsel's April 21, 2022 email.

19 | 22. Respondent did not inform Roland of the extended discovery response deadline.

20 | 23. On April 26, 2022, opposing counsel filed a motion to compel and noted a hearing for

21 | May 10, 2022.

22 | 24. Respondent did not file a response to the motion to compel.

23 | 25. On May 9, 2022, Respondent informed Roland for the first time of the February 25,

24 | 

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1 | 2022 requests for production.

2 |     26. On May 9, 2022, Respondent informed Roland for the first time of the motion to

3 | compel.

4 |     27. On May 9, 2022, Respondent provided opposing counsel answers to the

5 | interrogatories.

6 |     28. Respondent provided virtually no substantive answers, many being objections

7 | asserting various frivolous grounds.

8 |     29. In response to the question asking for information about firearms acquired by Roland,

9 | Respondent objected on the grounds of relevance.

10 |     30. In response to the question asking for the social security numbers of Roland's children,

11 | Respondent objected on grounds of relevance.

12 |     31. In response to the question "Have you taken any vocational, psychological, or

13 | personality tests during the past five (5) years," Respondent asserted Roland's doctor-patient

14 | privilege and objected on grounds of attorney work product and relevance.

15 |     32. In response to the question "Have you ever been arrested, charged with, or convicted

16 | of a criminal offense or been investigated in any licensing matter," Respondent objected on the

17 | grounds of attorney work product, relevance, and equally available to opposing party.

18 |     33. In response to the question "Have you ever been treated for problems related to drugs

19 | or alcohol," Respondent asserted Roland's attorney-client privilege and objected on grounds of

20 | attorney work product.

21 |     34. In response to the question "Have you ever attended, or are you now attending: AA

22 | (Alcoholics Anonymous), or NA (Narcotics Anonymous), or any other such substance abuse self-

23 | help program," Respondent asserted Roland's attorney-client privilege and objected on grounds

24 |

Stipulation to Discipline
Page 4

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

of attorney work product and relevancy.

35. On May 10, 2022, Respondent filed a sworn declaration stating that Respondent inadvertently failed to inform Roland of the requests for production until May 9, 2022, and that Respondent would provide a response by May 20, 2022.

36. On May 11, 2022, the court granted the motion to compel.

37. The court ordered Roland to provide complete answers to the discovery requests by May 18, 2022.

38. The court also issued a money judgment ordering Roland to pay $1,415 in attorney fees to the opposing party.

39. Respondent did not inform Roland of the court's deadline for the discovery responses.

40. Respondent did not provide the discovery responses by the court's deadline.

41. On May 19, 2022, opposing counsel filed a second motion to compel and noted a hearing for June 2, 2022.

42. Respondent did not inform Roland of the second motion to compel.

43. Respondent did not inform Roland of the June 2, 2022 hearing on the second motion to compel.

44. Respondent did not respond to the second motion to compel.

45. The hearing on the second motion to compel was rescheduled to June 17, 2022.

46. Respondent knew of the rescheduled hearing date.

47. Respondent did not inform Roland of the new hearing date.

48. On June 6, 2022, Respondent was terminated from Goldberg & Jones.

49. After June 13, 2022, Respondent stopped responding to the firm's communications and no longer had access to the firm's email or calendar.

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1  50. Respondent did not inform anyone at Goldberg & Jones of the June 17, 2022 hearing

2  in Roland's matter.

3  51. Respondent did not brief anyone at Goldberg and Jones about Roland's matter.

4  52. Respondent did not inform Roland of Respondent's termination from Goldberg &

5  Jones.

6  53. Colleen Clay of Goldberg & Jones appeared at the June 17, 2022 hearing as Roland's

7  new lawyer.

8  54. Clay informed the court that the firm became aware of the hearing earlier that morning

9  and requested a continuance.

10  55. The court stated that it had expected Respondent to appear at the hearing to explain

11  the objections to several discovery requests, many of which the court described as "stock,

12  boilerplate objections" that did not make much sense to the court.

13  56. The court continued the hearing for oral argument but did not allow Roland to file a

14  written response to the second motion to compel.

15  57. On August 9, 2022, the court granted the second motion to compel.

16  58. The court found that Respondent "answered virtually none of [the interrogatories]

17  substantively" on May 9, 2022.

18  59. The court found that Roland was able to answer most of the interrogatories with the

19  assistance of Clay.

20  60. The court issued a money judgment ordering Roland to pay $7,100 in attorney fees to

21  the opposing party.

22  **III. STIPULATION TO MISCONDUCT**

23  61. By asserting objections to the discovery requests that had no basis in law or fact,

24

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1   Respondent violated RPC 3.1, RPC 3.4(d), and RPC 8.4(d).

2   62. By failing to produce information responsive to the discovery requests, Respondent

3   violated RPC 3.4(a), RPC 3.4(c), RPC 3.4(d), and RPC 8.4(d).

4   63. By failing to timely communicate with Roland regarding the discovery requests and

5   the first motion to compel, by failing to advise Roland about the second motion to compel and

6   related hearing, and by failing to inform Roland of Respondent's termination from Goldberg &

7   Jones, Respondent violated RPC 1.4(a) and RPC 1.4(b).

8   64. By failing to timely respond to the discovery requests, and by failing to respond to the

9   motions to compel, Respondent violated RPC 1.3 and RPC 3.2.

10   65. By failing to give Roland reasonable notice of Respondent's termination at Goldberg

11   & Jones, and by failing to inform others at Goldberg & Jones about the hearing on the second

12   motion to compel, Respondent violated RPC 1.16(d).

13   ## IV. PRIOR DISCIPLINE

14   66. On July 27, 2010, Respondent was reprimanded for making false statements in a

15   judicial disciplinary proceeding and/or attempting to influence witness testimony in that

16   proceeding, in violation of RPC 8.4(c) and/or RPC 8.4(d).

17   67. On July 26, 2023, Respondent was ordered suspended from the practice of law for a

18   period of 21 months for making false statements to a judge and to a judicial assistant, in violation

19   of RPC 3.3(a)(1) and RPC 8.4(c).

20   ## V. APPLICATION OF ABA STANDARDS

21   68. The following American Bar Association Standards for Imposing Lawyer Sanctions

22   (1991 ed. & Feb. 1992 Supp.) apply to this case: see attached Appendix A.

23   69. Respondent acted knowingly in all misconduct.

24

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1    70. Respondent caused actual injury to Roland by delaying the divorce proceeding and

2    potential financial harm to Roland.

3    71. The presumptive sanction is suspension.

4    72. The following aggravating factors apply under ABA Standard 9.22:

5    (a)    prior disciplinary offenses [reprimanded in 2010 and suspended in 2023];

6    (d)    multiple offenses; and

7    (i)    substantial experience in the practice of law [admitted in 1988].

8    73. The following mitigating factors apply under ABA Standard 9.32:

9    (b)    absence of a dishonest or selfish motive; and

10   (l)    remorse.

11   74. It is an additional mitigating factor that Respondent has agreed to resolve this matter

12   at an early stage of the proceedings.

13   75. On balance, the aggravating and mitigating factors do not require a departure from the

14   presumptive sanction of suspension.

15   **VI.   STIPULATED DISCIPLINE**

16   76. The parties stipulate that Respondent shall receive a TWO-YEAR suspension, which

17   will run concurrent with Respondent's 21-month suspension in Proceeding No. 21#00031.

18   **VII.   CONDITIONS OF REINSTATEMENT**

19   77. Reinstatement from suspension is conditioned on payment of restitution, costs and

20   expenses, as provided below.

21   **VIII.   CONDITIONS OF PROBATION**

22   78. Respondent shall be subject to probation for a period of TWO YEARS beginning on

23   the date Respondent is reinstated to the practice of law.

24   Stipulation to Discipline
     Page 8

79. The conditions of probation are set forth below.  Respondent's compliance with these conditions will be monitored by the Probation Administrator of the Office of Disciplinary Counsel ("Probation Administrator").  Failure to comply with a condition of probation listed herein may be grounds for further disciplinary action under ELC 13.8(b).

Practice Monitor

80. During the period of probation, Respondent's practice will be supervised by a practice monitor.  The practice monitor must be a WSBA member with no record of public discipline and who is not the subject of a pending public disciplinary proceeding.

81. The role of the practice monitor is to consult with and provide guidance to Respondent regarding case management, office management, and avoiding violations of the Rules of Professional Conduct, and to provide reports and information to the Probation Administrator regarding Respondent's compliance with the terms of probation and the RPC.  The practice monitor does not represent the Respondent.

82. At the beginning of the probation period, the Probation Administrator will select a lawyer to serve as practice monitor for the period of Respondent's probation.

a) Initial Challenge:  If, within 15 days of the written notice of the selection of a practice monitor, Respondent sends a written request to the Probation Administrator that another practice monitor be selected, the Probation Administrator will select another practice monitor.  Respondent need not identify any basis for this initial request.

b) Subsequent Challenges:  If, after selection of a second (or subsequent) practice monitor, Respondent believes there is good cause why that individual should not serve as practice monitor, Respondent may, within

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

1    15 days of notice of the selected practice monitor, send a written request to

2    the Probation Administrator asking that another practice monitor be

3    selected.  That request must articulate good cause to support the request.

4    If the Probation Administrator agrees, another practice monitor will be

5    selected.   If the Probation Administrator disagrees, the Office of

6    Disciplinary Counsel will submit its proposed selection for practice

7    monitor to the Chair of the Disciplinary Board for appointment pursuant to

8    ELC 13.8(a)(2), and will also provide the Chair with the Respondent's

9    written request that another practice monitor be selected.

10    83. In the event the practice monitor is no longer able to perform the practice monitor's

11    duties, the Probation Administrator will select a new practice monitor at the Probation

12    Administrator's discretion.

13    84. During the period of probation, Respondent must cooperate with the named practice

14    monitor.  Respondent must meet with the practice monitor at least once per month.  Respondent

15    must communicate with the practice monitor to schedule all required meetings.

16    85. The Respondent must bring to each meeting a current, complete written list of all

17    pending client legal matters being handled by the Respondent.  The list must identify the current

18    status of each client matter and any problematic issues regarding each client matter.  The list may

19    identify clients by using the client's initials rather than the client's name.

20    86. At each meeting, the practice monitor will discuss with Respondent practice issues

21    that have arisen or are anticipated.  In light of the conduct giving rise to the imposition of

22    probation, ODC recommends that the practice monitor and Respondent discuss: whether

23    Respondent is diligently making progress on each client matter, whether Respondent is in

24

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

1  communication with each client, whether Respondent has promptly billed each client, whether

2  Respondent needs to consider withdrawing from any client matter, and whether Respondent is

3  withdrawing from client matters in compliance with the RPC. Meetings may be in person or by

4  telephone at the practice monitor's discretion.   The practice monitor uses discretion in

5  determining the length of each meeting.

6      87. The practice monitor will provide the Probation Administrator with quarterly written

7  reports regarding Respondent's compliance with probation terms and the RPC.  Each report must

8  include the date of each meeting with Respondent, a brief synopsis of the discussion topics, and

9  a brief description of any concerns the practice monitor has regarding the Respondent's

10  compliance with the RPC.  The report must be signed by the practice monitor.  Each report is due

11  within 30 days of the completion of the quarter.

12      88. If the practice monitor believes that Respondent is not complying with any of

13  Respondent's ethical duties under the RPC or if Respondent fails to schedule or attend a monthly

14  meeting, the practice monitor will promptly communicate that to the Probation Administrator.

15      89. Respondent must make payments totaling $1,000 to the Washington State Bar

16  Association to defray the costs and expenses of administering the probation, as follows:

17      a)    $250 due within 30 days of the start of the probation;

18      b)    $250 due within 6 months of the start of the probation period;

19      c)    $250 due within 12 months of the start of the probation period; and

20      d)    $250 due within 18 months of the start of the probation period.

21      90. All payments should be provided to the Probation Administrator for processing.

22  <u>Ethics School</u>

23      91. Respondent shall attend Ethics School by webinar (approximately 7.5 hours), or by

24

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4ᵗʰ Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

1  obtaining the recorded product, and to pay registration costs of $150 plus applicable sales tax.

2  Respondent will receive all applicable approved CLE credits for time in attendance at the Ethics

3  School.

4      92. Attendance at Ethics School is in addition to and shall not fulfill any continuing legal

5  education (CLE) requirements set out in this stipulation.

6      93. Respondent shall contact the Ethics School Administrator, currently Chris Chang, at

7  (206) 727-8328 or chrisc@wsba.org, within 15 days of the commencement of the probation

8  period to confirm enrollment in Ethics School and related logistics.

9      94. Respondent shall complete the ethics school requirement within 60 days of the

10  commencement of the probation period.

11      95. Respondent shall provide evidence of completion of ethics school to the Probation

12  Administrator no later than 30 days after the conclusion of the course.  Proof of attendance shall

13  include the program brochure, evidence of payment, and a written statement that includes the date

14  and time of attendance.

15      96. The Ethics School administrator may respond to inquiries from the Probation

16  Administrator regarding Respondent's compliance with these conditions.

17  CLE Requirements

18      97. During the probationary period, Respondent shall complete a minimum of 15 credit

19  hours of continuing legal education courses, at Respondent's own expense, in the areas of: client

20  communication, practice management, time management, and caseload management.

21      98. Respondent shall provide evidence of attendance at such courses to the Probation

22  Administrator no later than 30 days after the conclusion of the course.  Proof of attendance shall

23  include the program brochure, evidence of payment, and a written statement that includes the date

24

Stipulation to Discipline
Page 12

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

1    and time of attendance.

2                              **IX. RESTITUTION**

3         99. Respondent shall pay restitution in the amount of $8,515, plus any and all interest, to

4    Roland or the Lawyer's Fund for Client Protection after Roland has paid the money judgments

5    referred to at paragraphs 38 and 60. Respondent may enter into a payment plan, approved by

6    ODC, to pay restitution.

7         100.    Reinstatement from suspension is conditioned on full payment of restitution.

8                         **X. COSTS AND EXPENSES**

9         101.    In light of Respondent's willingness to resolve this matter by stipulation at an early

10   stage of the proceedings, Respondent shall pay attorney fees and administrative costs of $500 in

11   accordance with ELC 13.9(i). The Association will seek a money judgment under ELC 13.9(l) if

12   these costs are not paid within 30 days of approval of this stipulation.

13        102.    Reinstatement from suspension is conditioned on payment of costs.

14                       **XI. VOLUNTARY AGREEMENT**

15        103.    Respondent states that prior to entering into this Stipulation Respondent had an

16   opportunity to consult independent legal counsel regarding this Stipulation, that Respondent is

17   entering into this Stipulation voluntarily, and that no promises or threats have been made by ODC,

18   the Association, nor by any representative thereof, to induce the Respondent to enter into this

19   Stipulation except as provided herein.

20        104.    Once fully executed, this stipulation is a contract governed by the legal principles

21   applicable to contracts, and may not be unilaterally revoked or modified by either party.

22                              **XII. LIMITATIONS**

23        105.    This Stipulation is a compromise agreement intended to resolve this matter in

24   Stipulation to Discipline                          OFFICE OF DISCIPLINARY COUNSEL
     Page 13                                        OF THE WASHINGTON STATE BAR ASSOCIATION
                                                             1325 4th Avenue, Suite 600
                                                             Seattle, WA  98101-2539
                                                                  (206) 727-8207

1   accordance with the purposes of lawyer discipline while avoiding further proceedings and the

2   expenditure of additional resources by the Respondent and ODC. Both the Respondent and ODC

3   acknowledge that the result after further proceedings in this matter might differ from the result

4   agreed to herein.

5        106.   This Stipulation is not binding upon ODC or the respondent as a statement of all

6   existing facts relating to the professional conduct of the Respondent, and any additional existing

7   facts may be proven in any subsequent disciplinary proceedings.

8        107.   This Stipulation results from the consideration of various factors by both parties,

9   including the benefits to both by promptly resolving this matter without the time and expense of

10   hearings, Disciplinary Board appeals, and Supreme Court appeals or petitions for review. As

11   such, approval of this Stipulation will not constitute precedent in determining the appropriate

12   sanction to be imposed in other cases; but, if approved, this Stipulation will be admissible in

13   subsequent proceedings against Respondent to the same extent as any other approved Stipulation.

14        108.   Under ELC 9.1(d)(4), the Disciplinary Board reviews a stipulation based solely on

15   the record agreed to by the parties. Under ELC 3.1(b), all documents that form the record before

16   the Board for its review become public information on approval of the Stipulation by the Board,

17   unless disclosure is restricted by order or rule of law.

18        109.   If this Stipulation is approved by the Disciplinary Board and Supreme Court, it

19   will be followed by the disciplinary action agreed to in this Stipulation. All notices required in

20   the Rules for Enforcement of Lawyer Conduct will be made. Respondent represents that, in

21   addition to Washington, Respondent also is admitted to practice law in the following jurisdictions,

22   whether current status is active, inactive, or suspended: NONE.

23        110.   If this Stipulation is not approved by the Disciplinary Board and Supreme Court,

24

Stipulation to Discipline
Page 14

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

this Stipulation will have no force or effect, and neither it nor the fact of its execution will be admissible as evidence in the pending disciplinary proceeding, in any subsequent disciplinary proceeding, or in any civil or criminal action.

WHEREFORE the undersigned being fully advised, adopt and agree to this Stipulation to

_____
Henry Cruz, Bar No. 38799
Disciplinary Counsel

Dated: 10/05/2023  _____

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

## APPENDIX A

### ABA Standard 4.4 – Lack of Diligence

4.41   Disbarment is generally appropriate when:
   (a)   a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
   (b)   a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
   (c)   a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

4.42   Suspension is generally appropriate when:
   (a)   a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
   (b)   a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

4.43   Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44   Admonition is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

### ABA Standard 6.2 - Abuse of the Legal Process

6.21   Disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious injury or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding.

6.22   Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

6.23   Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

6.24   Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding.

### ABA Standard 7.0 - Violations of Duties Owed as a Professional

7.1   Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

1        lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.

2   7.2    Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

3   7.3    Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

5   7.4    Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence that is a violation of a duty owed as a professional, and causes little or no actual or potential injury to a client, the public, or the legal system.

Stipulation to Discipline
Page 17

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207